UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER FARROW,
    *Plaintiff*,

v.                                                                    No. 3:16-cv-00334 (JAM)

C/O RACHAVICH,
    *Defendant*.

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Christopher Farrow is currently confined at the Osborn Correctional Institution in Somers, Connecticut ("Osborn"). He brings this *pro se* § 1983 action against Correctional Officer Rachavich, alleging a denial of his constitutional right of access to the courts and retaliation in violation of his First Amendment rights to free speech and to file a court action. For the reasons set forth below, I conclude that plaintiff has plausibly alleged a claim of First Amendment retaliation, but that his claim for denial of the constitutional right of access to the courts should be dismissed without prejudice to re-filing of an amended complaint.

## BACKGROUND

The following facts are alleged in the complaint and accepted as true only for purposes of this initial ruling. On February 9, 2016, plaintiff had a conversation with Correctional Officer Rachavich in which plaintiff indicated that he intended to file paperwork with the Claims Commissioner about the conditions of his confinement at Osborn. Defendant asked plaintiff if he was trying "to make us look bad." Doc. #1 at 2. As plaintiff was leaving his cell, defendant stopped him, told him that his "family" worked at the prison, and suggested to plaintiff that he was not "going to let [him] make the system look bad." *Ibid.* Plaintiff responded that it was "nothing personal but the living conditions that we are suffering through are outrageous." *Ibid.* Defendant replied that, if it were up to him, nothing would be done by plaintiff to embarrass

defendant's co-workers or to make inmates more comfortable. Later that day, while plaintiff was at recreation, defendant entered plaintiff's cell and removed the paperwork pertaining to plaintiff's legal claim.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Moreover, the allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claim for Denial of Right of Access to Courts*

The Supreme Court has long recognized a constitutional right of access to the courts, notwithstanding that the right's precise source in the Constitution remains uncertain. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002); *see also Blake v. Dowe*, 36 F. Supp. 3d

271, 276-77 (D. Conn. 2014). Whatever its pedigree, a right of access to the courts correlatively means a right to be free from obstruction of this right by the government. Prisoners have a constitutional right of access to the courts that may not be unreasonably obstructed by the actions of prison officials. *See Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered an actual injury, *see Lewis v. Casey*, 518 U.S. 343, 353 (1996)—that is, he must allege that "defendant's conduct deprived him of an opportunity to press some nonfrivolous, arguable cause of action in court." *Brown v. Choinski*, 2011 WL 1106232, at *5 (D. Conn. 2011). What this means is that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation," and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 415, 416.

A plaintiff must describe "the predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416. In this manner, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18 (footnote omitted).

Here, the complaint is plainly lacking a description of the underlying cause of action that has been allegedly impeded by defendant's alleged misconduct. Plaintiff does no more than note that the confiscated paperwork involved "a claim regarding my condition of confin[e]ment,"

Doc. #1 at 2, without alleging specific dates and facts of the claim in accordance with Fed. R. Civ. P. 8(a). In addition, because of the complaint's sparse allegations, there is no way to ascertain if the underlying claim was of arguable merit or was frivolous.

Because plaintiff's claim of denial of access to the courts has not been adequately pleaded, I will dismiss the claim without prejudice. If plaintiff believes that he is able to allege specific facts concerning the underlying cause of action that was impeded and to show that this action would not have been frivolous, then plaintiff may file an amended complaint within 30 days to allege a claim for denial of his constitutional right of access to the courts.

### *First Amendment Retaliation*

To establish a First Amendment retaliation claim, a plaintiff must allege facts showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). Unlike a claim for denial of access to the courts, a claim of First Amendment retaliation involving the filing of a legal action does not require proof that the underlying claim was impeded. *See Allah v. Greiner*, 2007 WL 1280657, at *6 (S.D.N.Y. 2007).

Here, it is readily apparent that plaintiff has alleged all the basic requisites for a First Amendment retaliation claim. Plaintiff alleges that his legal papers were confiscated soon after telling defendant that he intended to file a legal claim and soon after defendant expressed his disapproval of the claim.

Accordingly, plaintiff's First Amendment retaliation claim may proceed against defendant in his personal capacity. To the extent that plaintiff seeks monetary damages from

defendant in his official capacity, his claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

A substantial question also exists whether plaintiff exhausted his administrative remedies prior to filing this lawsuit and as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Because I do not yet have enough information about whether plaintiff has sought to exhaust his administrative remedies and whether his claim would be subject to the exhaustion requirement, it would be premature at this time for me to consider whether to dismiss plaintiff's claim for failure to exhaust administrative remedies. *See Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (noting that "inmates are not required to specially plead or demonstrate exhaustion in their complaints," but that "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement").

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The claim for denial of access to the courts is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). On or before **January 27, 2017**, plaintiff may file an amended complaint if he can allege facts in good faith that set forth plausible grounds for relief with respect to his claim of denial of access to the courts. If plaintiff chooses to file an amended complaint, he shall identify specific facts and dates supporting any underlying cause of action that he alleges is or has been impeded by the confiscation of his paperwork to the Claims Commissioner.

(2) The complaint will proceed on the claim against defendant for First Amendment retaliation.

(3) **The Clerk shall** verify the current work address of defendant with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request on the thirty-fifth (35) day after mailing. If defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on defendant in his individual capacity and defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on defendant in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(5) **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(6) **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(7) Defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include any and all additional defenses permitted by the Federal Rules.

(8) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the Court.

(9) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(10) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(11) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify defendant or the attorney for defendant of his new address.

(12) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.

It is so ordered.

Dated at New Haven, Connecticut this 27th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge